# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF NEW YORK

№ 16-CV-4007 (JFB) (SIL)

GUSTAVIA HOME, LLC,

Plaintiff,

VERSUS

NICOLAS BENT, ET AL.,

Defendants.

**MEMORANDUM AND ORDER**
July 20, 2018

JOSEPH F. BIANCO, District Judge:

Plaintiff Gustavia Home, LLC ("Gustavia" or "plaintiff") brings this diversity action[1] against Nicholas Bent, Midland Funding, LLC ("Midland"), and John Doe defendants claiming to have an interest in or lien upon the mortgaged premises (collectively, "defendants") pursuant to New York Real Property Actions and Proceedings Law ("RPAPL") § 1301 *et seq.* to foreclose on a mortgage encumbering the property located at 145 Boylston Street, Hempstead, New York 11550 in the County of Nassau and State of New York (the "Subject Property").

Plaintiff moves for summary judgment pursuant to Federal Rule of Civil Procedure 56(a) and requests that the Court strike defendant Bent's answer and affirmative defenses.[2] Plaintiff's motion is unopposed. Having independently analyzed the record, the Court concludes that plaintiff has met the burden of proof required in a mortgage foreclosure action, and defendants have not put forth any evidence (nor is there any evidence in the record) that would support a defense to the foreclosure claim. In short, the Court concludes that the uncontroverted evidence demonstrates that plaintiff is

---

[1] Plaintiff, a single-member limited liability company, is a citizen of Florida, the state in which it has its principal place of business and in which its single member is domiciled. (Compl. ¶¶ 2-4); *Carter v. HealthPort Techs., LLC*, 822 F.3d 47, 60 (2d Cir. 2016) ("In general, the citizenship of a limited liability company is determined by the citizenship of each of its members."). Defendant Bent is a resident and citizen of New York, and defendant Midland is a citizen of Delaware. (Compl. ¶¶ 5-6.) Given that the parties are citizens of different states, this Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332.

[2] Defendant Bent was the only defendant to file an answer.

entitled to summary judgment in this mortgage foreclosure action. Accordingly, plaintiff's motion for summary judgment is granted. In light of the Court's ruling on the summary judgment motion, the motion to strike defendant Bent's answer and affirmative defenses is denied as moot.

I. BACKGROUND

A. Facts

The Court takes the following facts from plaintiff's complaint, affidavits, exhibits,[3] and Rule 56.1 Statement of Facts, and construes the facts in the light most favorable to the defendants, the nonmoving parties. *See Capobianco v. City of New York*, 422 F.3d 47, 50 n.1 (2d Cir. 2005). As noted above, defendants failed to submit an opposition to plaintiff's motion, including a Counter-Statement of Material Facts, in violation of Local Civil Rule 56.1.

However, the Second Circuit has clearly established that a district court may not grant an unopposed summary judgment motion without carefully analyzing the moving papers to determine whether the moving party has satisfied its burden of demonstrating that there are no issues of material fact. *See Vt. Teddy Bear Co. v. 1–800 Beargram Co.*, 373 F.3d 241, 244 (2d Cir. 2004) ("[W]here the non-moving party 'chooses the perilous path of failing to submit a response to a summary judgment motion, the district court may not grant the motion without first examining the moving party's submission to determine if it has met its burden of demonstrating that no material issue of fact remains for trial.'" (quoting *Amaker v. Foley*, 274 F.3d 677, 681 (2d Cir. 2001))); *Jackson v. Fed. Express*, 766 F.3d 189, 194 (2d Cir. 2014) (same). Moreover, the court may not rely solely on the moving party's statement of undisputed facts. *Vt. Teddy Bear Co.*, 373 F.3d at 244. Instead, the court "must be satisfied that the citation to evidence in the record supports the assertion[s]" made by the moving party. *Id.*; *Bakker v. N.Y.C. Dep't of Envtl. Prot.*, No. 03 CV 0356(SJ)(LB), 2006 WL 3257238, at *6 (E.D.N.Y. Sept. 28, 2006) (same).

As set forth above, the Court has examined plaintiff's submission to determine that no disputes as to material facts remain for trial. The Court examined not only plaintiff's motion and Rule 56.1 statement, but also verified facts presented in these submissions in plaintiff's exhibits, such as the copies of the Mortgage and Note, assignments, and the Default and Pre-Foreclosure Notices. Thus, the summary of the facts below is fully supported by the evidence submitted by plaintiff in the record.

Plaintiff brings this action against defendants pursuant to RPAPL § 1301 *et seq.* to foreclose upon the Subject Property pursuant to the terms of a Note and Mortgage executed on May 27, 2005. (Compl. ¶¶ 11-12.) Defendant Bent[4] executed and delivered the Note and Mortgage to Golden First Mortgage Corp. for $65,800.00 and interest, secured by a lien on the Subject Property. (*Id.* ¶¶ 11-12; Pl.'s Motion Ex. A at 15, 29.) The Note and Mortgage were then assigned through Mesne Assignments of Mortgage and endorsements upon the promissory note to plaintiff. (Compl. ¶ 13; Pl.'s Motion Ex. A at 31-47.) The Assignment of Mortgage to

---

[3] Plaintiff attached the complaint and accompanying exhibits as an exhibit to its motion. (ECF No. 17-5 ("Pl.'s Motion Ex. A").) Here, the Court cites to the exhibits to the complaint by their page number within plaintiff's motion, exhibit A. For clarity, the court simply cites to the complaint filed at ECF No. 1 when referencing the complaint itself.

[4] Where the Court refers to a single defendant, rather than all defendants in this case, the Court is referring to defendant Bent.

plaintiff is dated June 16, 2016,[5] and was filed with the Nassau County Clerk's Office. (Compl. ¶ 13; Pl.'s Motion Ex. A at 45-47.) Beginning on July 1, 2011, defendant failed to comply with the terms and provisions of the Mortgage by failing to make the monthly payments that were due. (Compl. ¶ 16.)

Plaintiff's servicer mailed defendant a 30-day notice to cure (the "Default Notice") on January 13, 2016. (Pl.'s 56.1 ¶ 5; ECF No. 17-3 ("Dotoli Aff.") ¶¶ 27-28.) The Default Notice advised defendant that, if he failed to cure the default, the Mortgage and Note might be accelerated and the entire principal balance would become due. (Dotoli Aff. ¶ 27; Pl.'s Motion Ex. A at 49.) Additionally, that same day, the servicer mailed defendant the 90-day "Pre-Foreclosure Notice" required under RPAPL § 1304(1). (Pl.'s 56.1 ¶ 6; Dotoli Aff. ¶ 29; Pl.'s Motion Ex. A at 53.) Defendant has failed to cure the default under the Note and Mortgage.[6] (Pl.'s 56.1 ¶ 7; Dotoli Aff. ¶ 31.)

Plaintiff commenced this action on July 19, 2016, and was the owner and holder of, and in physical possession of, the Note and Mortgage at that time. (Pl.'s 56.1 ¶¶ 8-9; Dotoli Aff. ¶¶ 5, 24-25.) On August 9, 2016, defendant filed an answer "denying, or claiming to lack knowledge or information sufficient to form a belief" regarding each of the allegations in the complaint, and asserting twenty-one affirmative defenses. (Pl.'s 56.1 ¶ 10; ECF No. 7.)

B. Procedural Background

As stated *supra*, plaintiff filed its complaint in this action on July 19, 2016, and defendant answered on August 9, 2016. Plaintiff moved for summary judgment on November 17, 2017. Defendants have not opposed plaintiff's motion. In light of defendants' failure to file an opposition by the Court's December 18, 2017 deadline, on January 10, 2018, plaintiff requested that its motion "be submitted for decision without opposition and without the need for oral argument." (ECF No. 18.) On January 17, 2018, the Court ordered defendants to submit a letter advising the Court as to why no opposition had been filed by January 24, 2018. Defendants failed to file a letter. Thus, on January 25, 2018, plaintiff submitted a letter renewing its request. That same day, the Court granted plaintiff's request, cancelling the oral argument and ruling that the Court would decide plaintiff's motion for summary judgment unopposed.

The Court has fully considered the parties' submissions and decides this motion based on the uncontroverted facts set forth in plaintiff's Rule 56.1 statement (which are fully supported by the accompanying affidavit and exhibits).

---

[5] Plaintiff indicated in its complaint that the assignment was dated June 16, 2016, citing the chain of assignments attached as Exhibit D to plaintiff's motion. (Compl. ¶ 13.) The Court reviewed Exhibit D and found that the page of the assignment itself was not dated, but the page notarizing the assignment was dated June 22, 2016. (Pl.'s Motion Ex. A at 45-47.) The Allonge to the Promissory Note, however, which states "[p]ay to the order of Gustavia Home, LLC," and that it "is to be attached and made part of the [Note and Mortgage] executed by Nicolas Bent to the order of Golden First Mortgage Corp.," is dated June 18, 2016. (Pl.'s Motion Ex. A at 33.) Regardless, the precise date of the assignment to plaintiff in June 2016 does not impact the Court's analysis.

[6] Jared Dotoli, the single member of plaintiff Gustavia, stated in his affidavit in support of plaintiff's motion that "[t]his is something [he] know[s] to be true of [his] own knowledge and from reviewing Plaintiff's business records kept in the ordinary course of Plaintiff's business." (Dotoli Aff. ¶¶ 1, 31.)

3

## II. STANDARD OF REVIEW

Pursuant to Federal Rule of Civil Procedure 56(a), a court may grant a motion for summary judgment only if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Gonzalez v. City of Schenectady*, 728 F.3d 149, 154 (2d Cir. 2013). The moving party bears the burden of showing that he is entitled to summary judgment. *Huminski v. Corsones*, 396 F.3d 53, 69 (2d Cir. 2005).

> A party asserting that a fact cannot be or is genuinely disputed must support the assertion by: (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed. R. Civ. P. 56(c)(1). The court "is not to weigh the evidence but is instead required to view the evidence in the light most favorable to the party opposing summary judgment, to draw all reasonable inferences in favor of that party, and to eschew credibility assessments." *Amnesty Am. v. Town of West Hartford*, 361 F.3d 113, 122 (2d Cir. 2004) (quoting *Weyant v. Okst*, 101 F.3d 845, 854 (2d Cir. 1996)); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) (summary judgment is unwarranted if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party").

Once the moving party has met its burden, the opposing party "must do more than simply show that there is some metaphysical doubt as to the material facts . . . . [T]he nonmoving party must come forward with specific facts showing that there is a *genuine issue for trial*." *Caldarola v. Calabrese*, 298 F.3d 156, 160 (2d Cir. 2002) (alteration in original) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986)). As the Supreme Court stated in *Anderson*, "[i]f the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." 477 U.S. at 249-50 (citations omitted). Indeed, "the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment." *Id.* at 247-48. Thus, the nonmoving party may not rest upon mere conclusory allegations or denials, but must set forth "concrete particulars" showing that a trial is needed. *R.G. Grp., Inc. v. Horn & Hardart Co.*, 751 F.2d 69, 77 (2d Cir. 1984) (quoting *SEC v. Research Automation Corp.*, 585 F.2d 31, 33 (2d Cir. 1978)). Accordingly, it is insufficient for a party opposing summary judgment "merely to assert a conclusion without supplying supporting arguments or facts." *BellSouth Telecomms., Inc. v. W.R. Grace & Co.*, 77 F.3d 603, 615 (2d Cir. 1996) (quoting *Research Automation Corp.*, 585 F.2d at 33).

## III. DISCUSSION

Under New York law, a mortgage is "merely security for a debt or other obligation." *United States v. Freidus*, 769 F. Supp. 1266, 1276 (S.D.N.Y. 1991) (quoting 77 N.Y. Jur. 2d, Mortgages § 2); *accord Rivera v. Blum*, 420 N.Y.S.2d 304, 308

(Sup. Ct. 1978) ("A mortgage is a security for a debt representing a lien on the mortgaged premises."). The "mortgagor is bound by the terms of his contract as made" and, in the event of a default, cannot be relieved from the default unless waived by the mortgagee, or where there is "estoppel, or bad faith, fraud, oppressive or unconscionable conduct" on the part of the mortgagee. *Freidus*, 769 F. Supp. at 1276 (quoting *Nassau Tr. Co. v. Montrose Concrete Prods. Corp.*, 56 N.Y.2d 175, 183 (1982)) (collecting cases).

To establish a prima facie case, New York courts require that the plaintiff in an action to foreclose a mortgage demonstrate: "the existence of the mortgage and mortgage note, ownership of the mortgage, and the defendant's default in payment." *Campaign v. Barba*, 805 N.Y.S.2d 86, 86 (App. Div. 2005); *see also Freidus*, 769 F. Supp. at 1277 (stating that in foreclosure actions, "the essential requirements of the plaintiff's case are proof of the existence of an obligation secured by a mortgage, and a default on that obligation"). Once the plaintiff submits the mortgage, the unpaid note, and evidence of the default, it has demonstrated its prima facie case of entitlement to judgment. *See Fleet Nat'l Bank v. Olasov*, 793 N.Y.S.2d 52, 52 (App. Div. 2005) (collecting cases).

The burden then shifts to the defendant to raise a triable issue of fact, including with respect to any alleged defenses or counterclaims. *Id.* at 52-53; *see also U.S. Bank Tr. Nat'l Ass'n Tr. v. Butti*, 792 N.Y.S.2d 505, 506 (App. Div. 2005) (affirming summary judgment where "plaintiff produced the note and mortgage executed by the appellant, as well as evidence of nonpayment," and "[a]ccordingly, it was incumbent upon the appellant to produce evidentiary proof in admissible form sufficient to require a trial of his defenses," but "appellant failed to do so"); *Republic Nat'l Bank of N.Y. v. O'Kane*, 764 N.Y.S.2d 635, 635 (App. Div. 2003) (same).

Plaintiff has submitted evidence, which defendant offers no evidence to dispute, that establishes a prima facie case of entitlement to judgment pursuant to the terms of the Note and Mortgage.[7] In particular, plaintiff submitted the following evidence of the existence of the Mortgage and Note, as well as of plaintiff's ownership: copies of the Mortgage, Note, allonges, and chain of assignments.[8] *See E. Sav. Bank, FSB v. Thompson*, 631 F. App'x 13, 15 (2d Cir. 2015) ("[A] written assignment of the underlying note . . . prior to the commencement of the foreclosure action is sufficient to transfer the obligation, and the mortgage passes with the debt as an inseparable incident." (citation omitted)).

With regard to proof of default, New York courts have ruled that general allegations are insufficient; instead "[t]here must be some proof in the form of an

---

[7] Plaintiff seeks a judgment for the entire unpaid principal amount due under the Note, which amounted to $65,800.00, in addition to interest and late charges as of the time of payment, as well as the expenses of the sale, and reasonable attorney's fees and other costs and disbursements, together with interest. (Compl. at 6-7.)

[8] The language of the Mortgage, Note, allonges to the Note, and assignments demonstrate plaintiff's entitlement. The Mortgage, for instance, states that "[t]he Note shows that I owe Lender U.S. $65,800.00" and is signed by defendant. (Pl.'s Motion Ex. A at 14, 24.) Crosby Capital USA's assignment to plaintiff Gustavia states that the assignor "hereby assigns unto the assignee, a certain Mortgage . . . made by Nicholas Bent to Golden First Mortgage Corp., its successors and assigns in the principal sum of $65,800.00." (*Id.* at 45.) Plaintiff also submitted the allonges to the Note and the chain of assignments from the original lender, Golden First Mortgage Corp., to Crosby Capital USA. (*Id.* at 33-42.)

affidavit of a person with knowledge, or a complaint verified by a person with knowledge." *Fortress Credit Corp. v. Alarm One, Inc.*, 511 F. Supp. 2d 367, 371 (S.D.N.Y. 2007) (quoting *Bankers Fed. Sav. FSB v. Somerset Apt. Corp.*, 575 N.Y.S.2d 249, 250 (Sup. Ct. 1991)). Here, plaintiff submitted such evidence in the form of an affidavit from Jared Dotoli, plaintiff's single member. This affidavit includes Dotoli's statement, based on "[his] own knowledge and from reviewing Plaintiff's business records kept in the ordinary course of Plaintiff's business," that defendant failed to cure the default.[9] (Pl.'s 56.1 ¶ 7; Dotoli Aff. ¶¶ 1, 31.) In light of this uncontroverted evidence, the Court concludes that plaintiff established its prima facie case.

Although defendant failed to submit an opposition and a Rule 56.1 statement, the Court has examined the affirmative defenses raised in his answer to ensure that none of those defenses raise a triable issue of fact in light of the record, and thus preclude summary judgment. After examining defendant's answer to determine if it contained any facts that might conflict with plaintiff's evidence, the Court concludes that it does not. Plaintiff describes defendant's answer as "a series of general denials and 21 baseless affirmative defenses lacking any evidentiary substantiation." (Pl.'s Mem. at 4.) The Court agrees that the answer contains only unsupported assertions, including that: "Plaintiff has not established possession, delivery or ownership" (Answer ¶ 1); "there is no sufficient evidence to prove that GOLDEN FIRST MORTGAGE CORP. extended its own money" (*id.* ¶ 5); "Plaintiff has not perfected any claim of title or security interest in the Property" (*id.*); "Plaintiff . . . was not the legal holder or owner of the subject Notes or Mortgages" (*id.* ¶ 29); "Plaintiff failed to credit or apply any and all collateral source payments that the Plaintiff or the servicer received or will be entitled to receive from any source as a result of the default claimed under the mortgage insurance provision of the subject Mortgage" (*id.* ¶ 39); "Defendant specifically denies the authenticity of any uncertified 'duplicate' (COPY) alleged to be the Notes and Mortgages" (*id.* ¶ 41); "Plaintiff failed to serve Defendant with the requisite pre-foreclosure notice(s) under the mortgage contract, state law and[/]or federal law" (*id.* ¶ 47); and "[t]he applicable statute of limitations regarding this matter has run and plaintiff cannot bring a foreclosure action against the Defendant" (*id.* ¶ 67).

Defendant does not provide evidentiary support for any of these statements, nor is there any support for such assertions in the record. For instance, other than asserting that plaintiff has not established ownership or delivery, and has not perfected claim of title, defendant does not provide evidence demonstrating that the Note and Mortgage were *not* delivered or that plaintiff failed to perfect title. Plaintiff, on the other hand, has provided copies of these documents, thereby satisfying its burden of establishing ownership. Similarly, the Court rejects defendant's statement denying the authenticity of the copies of the Note and Mortgage. Plaintiff had no obligation to provide the original documents as exhibits; the copies were more than sufficient. The Second Circuit has even held that statements in affidavits confirming possession of a note are sufficient to establish standing to foreclose. *OneWest Bank, N.A. v. Melina*, 827 F.3d 214, 217, 223 (2d Cir. 2016) ("New York courts have repeatedly held that proof of physical possession—such as the affidavits of OneWest's corporate representative and counsel in this case—is sufficient on its own to prove a plaintiff's

---

[9] Additionally, plaintiff submitted the 30 and 90-day Default and Pre-Foreclosure Notices, demonstrating that plaintiff had notified defendant of the default.

standing to foreclose on the mortgage associated with the note." (collecting cases)).

In sum, the Court concludes that defendant failed to provide evidentiary support for the abandoned denials and defenses in his answer, and no such support exists in the record. Thus, in light of the uncontroverted evidence in the record, the Court concludes that plaintiff is entitled to summary judgment in this mortgage foreclosure action.[10]

### IV. CONCLUSION

For the foregoing reasons, based upon a review of the record, the Court concludes that (1) plaintiff has met its burden of establishing a prima facie case for mortgage foreclosure, based upon the evidence submitted in connection with its summary judgment motion, and (2) no issue of material fact remains for trial. The Court, therefore, grants plaintiff's motion for summary judgment. The Court denies the motion to strike defendant Bent's answer and affirmative defenses as moot.

SO ORDERED.



JOSEPH F. BIANCO
United States District Judge

Dated: July 20, 2018
Central Islip, NY

\* \* \*

Plaintiff is represented by Alan H. Weinreb of the Margolin and Weinreb Law Group, LLP, 165 Eileen Way, Suite 101, Syosset, New York 11791. Defendants are represented by Andrea S. Gross, Law Offices of Andrea S. Gross, 205-47 Linden Blvd., 2nd Floor, St. Albans, New York 11412.

---

[10] Given that summary judgment is warranted, the motion to strike the answer and affirmative defenses is moot. *See, e.g., Onewest Bank N.A. v. Louis*, 15-CV-00597 (PAC)(BCM), 2016 WL 3552143, at *12 (S.D.N.Y. June 22, 2016) (denying motion to strike answer as moot by granting summary judgment motion in mortgage foreclosure action); *One West Bank, FSB v. Lynch*, No. 14-CV-158 (JG), 2014 WL 5471009, at *6 (E.D.N.Y. Oct. 28, 2014).